IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD A. BRINSKELE, et al.,<br><br>Defendants. | Case No. 17-cv-01410 CW<br><br>**ORDER GRANTING RENEWED MOTIONS TO SET ASIDE DEFAULT AND SETTING CASE SCHEDULE**<br><br>Dkt. Nos. 89, 92 |

Now pending before the Court are renewed motions by Defendants Edward A. Brinskele and Rebecca B. Brinskele, respectively, to set aside the default entered against each of them. *See* Docket Nos. 89, 92. The Court finds that each Defendant has shown good cause under Federal Rule of Civil Procedure 55(c) to set aside the default entered against each of them. Accordingly, the Court GRANTS both motions. The Clerk shall set aside the default entered against Defendants Edward A. Brinskele and Rebecca B. Brinskele.

According to their latest filings, the contact information for each Defendant is the following:

    Edward A. Brinskele
    448 Ignacio Blvd., Suite #330
    Novato, California 94949
    Ed@MarinInternational.com
    Telephone: 415-717-8050

    Rebecca B. Brinskele
    448 Ignacio Blvd., Suite #330
    Novato, California 94949
    Rebecca@MarinInternational.com
    Telephone: 415-717-8050

The Clerk shall update the docket with this contact information. Defendants shall immediately file a notice on the docket if their contact information changes.

On July 17, 2023, the Court ordered as follows:

> No later than July 31, 2023, the United States shall file a statement regarding its position as to the future course of this litigation and any motions it intends to file. . . . Defendants shall file a response to the United States' statement no later than August 14, 2023. The United States may file a reply no later than August 21, 2023.

Docket No. 62.

On July 28, 2023, the United States filed a statement in which it proposed the following next steps:

> [T]he United States proposes a limited-scope 30-day discovery period in which the parties, including the United States, would update their initial disclosures and/or other discovery responses to reflect the current factual circumstances. No other additional discovery would be permitted. The United States intends to provide Defendants with updated Certificates of Assessments, Payments, and Other Specified Matters for the relevant tax years and other documents on which it intends to rely. Third, within 14 days of the close of the 30-day discovery period, the United States intends, based on the current record, to move for summary judgment in its favor on all claims. If the Court does not grant the motion for summary judgment, the United States proposes that the case management conference be scheduled after the Court rules to set a pre-trial and trial schedule.

*See* Docket No. 64. Pursuant to the Court's order of July 17, 2023, the deadline for Defendants to file a response was August 14, 2023. *See* Docket No. 62. Defendants failed to file a response by that date.

Pursuant to the government's proposal, the Court orders as follows:

(1) The parties shall have a thirty-day discovery period ending on May 6, 2024, to update their initial disclosures and other discovery responses. The government shall provide Defendants with updated Certificates of Assessments, Payments, and Other Specified Matters for the relevant tax years and other documents on which it intends to rely. No other discovery is permitted.

(2) No later than June 3, 2024, the government shall file a motion for summary judgment with respect to its claims against both Defendants in a single brief not to exceed 30 pages.

(3) No later than July 5, 2024, Defendants may file, jointly, an opposition to the government's summary judgment motion as well as their own cross-motion for summary judgment if they wish to file one; both the joint opposition to the government's summary judgment motion and the joint cross-motion for summary judgment shall be contained in a single brief not to exceed 50 pages.

(4) No later than August 5, 2024, the government may file, in a single brief of no more than 40 pages, a reply in support of its motion for summary judgment and an opposition to Defendants' cross-motion for summary judgment if one is filed.

(5) No later than August 26, 2024, Defendants may file, in a single brief of no more than 20 pages, a reply in support of their cross-motion for summary judgment if they filed one.

(6) The Court may set a hearing on the summary judgment motions after the briefing is completed. A case management conference may be scheduled after the Court rules on the parties' cross-motions for summary judgment.

IT IS SO ORDERED.

Dated: April 5, 2024

CLAUDIA WILKEN
United States District Judge